UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
FRANKLYN CAMPBELL,

                    Petitioner,
                                          ORDER
         -against-                        18-CV-5827(JS)

BRIAN MCAULIFFE,

                    Respondent.
-----------------------------------X
APPEARANCES
For Plaintiff:      Franklyn Campbell, pro se
                    96-A-1201
                    Riverview Correctional Facility
                    P.O. Box 247
                    Ogdensburg, New York 13669

For Defendant:      No appearance.

SEYBERT, District Judge:

        On October 17, 2018, incarcerated pro se petitioner
Franklyn Campbell ("Petitioner") filed another Petition[1] seeking a
writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner
did not pay the filing fee or file an application to proceed in
forma pauperis at the time he filed the Petition.  Accordingly,
by Notice of Deficiency dated October 18, 2018, (see Docket
Entry 2), Petitioner was directed to either remit the filing fee
or file an application to proceed in forma pauperis within fourteen

_____

[1] See Campbell v. Greiner, 01-CV-4588 (2254 Petition dismissed,
leave to appeal denied by Mandate dated June 10, 2004, and leave
to file a successive Petition denied by Mandate dated August 13,
2018); Cambell v. McAuliffe, 18-CV-3073 (successive 2254
Petition dismissed after leave to file successive Petition was
denied by the Second Circuit).

(14) days in order for his Petition to proceed.  On October 31,

2018, Petitioner timely paid the filing fee.

Petitioner again seeks to challenge his December 1995

state court conviction of multiple counts of sexual abuse, sodomy,

and endangering the welfare of a child, and his January 1996

sentence of twenty-five to seventy-five years.  Because the

instant Petition is successive within the meaning of Antiterrorism

and Effective Death Penalty Act ("AEDPA"), this Court lacks

jurisdiction.  Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir.

2003) (The AEDPA "allocates jurisdiction to the courts of appeals,

not the district courts, to authorize successive habeas motions or

applications.").  Accordingly, Petitioner must move for

authorization to pursue this successive Petition for habeas relief

in the United States Court of Appeals for the Second Circuit.  See

28 U.S.C. § 2244(b)(3)(A).

In the interests of justice, the Clerk of the Court shall

transfer this Petition to the United States Court of Appeals for

the Second Circuit pursuant to 28 U.S.C. § 1631.  Torres, 316 F.3d

at 151-52 (citing Liriano v. United States, 95 F.3d 119, 121-23

(2d Cir. 1996) ("[W]e have held that a district court must transfer

uncertified successive motions to [the Second Circuit Court of

Appeals] pursuant to 28 U.S.C. § 1631. . .").  This Order CLOSES

this case.  If the Second Circuit authorizes Petitioner to proceed in this matter, he shall move to reopen this case, Docket No. 18-CV-5827(JS).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated:     May __16__, 2019
           Central Islip, New York